# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2008

No. 07-31082
Summary Calendar

Charles R. Fulbruge III
Clerk

HEATHER WEATHERS,

Plaintiff-Appellant

v.

SCHOOL BOARD OF LAFAYETTE PARISH;
JAMES H. EASTON, SUPERINTENDENT OF SCHOOLS, LAFAYETTE
PARISH; JOSEPH CRAIG, PRINCIPAL, COMEAUX HIGH SCHOOL,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
(6:06-CV-01042)

Before JOLLY, HIGGINBOTHAM, AND HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff, Heather Weathers, appeals the District Court's grant of summary judgment to the School Board of Lafayette Parish and two of its officials, sued in their official capacities, on her claims under 42 U.S.C. § 1983. Ms. Weathers was a substitute teacher at Comeaux High School where

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defendant Joseph Craig was a principal. She alleges that Principal Craig fired her in violation of her First Amendment rights as a result of a student complaint about Ms. Weathers' website which contained adult art.

A municipal level governmental entity, such as the School Board here, can be held liable for Section 1983 violations only as a result of an official policy or the decision of a person or entity with final policymaking authority. Jett v. Dallas Indep. Sch. Dist., 7 F.3d 1241 (5th Cir. 1994); see also Barrow v. Greenville Indep. Sch. Dist., 480 F.3d 381-82 (5th Cir. 2007)(where state law makes the school board the policymaker and the superintendent the administrator, the school board is not liable under Section 1983 for the superintendent's refusal to recommend a teacher for promotion), cert. denied, 128 S. Ct. 255 (2007). The District Court determined as a matter of law that Principal Craig was not vested with "final policymaking authority" in the matter of hiring and firing of teachers because only the School Board was authorized by state law to make such decisions. As a result, the District Court concluded that summary judgment should be granted.

Having carefully reviewed the record on appeal, including the briefs of the parties and the district court's thorough opinion, we are satisfied that the district court's rulings are fully supported. Finding no error, we adopt the reasoning of the district court. The grant of summary judgment by the district court is AFFIRMED.